**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HADI AL BOROKY,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:14-CV-2040-L-BK** |
| | § | |
| **ERIC HOLDER JR., et. al.,** | § | |
| | § | |
| | § | |
| Respondents. | § | |

<u>**ORDER**</u>

Before the court is Petitioner Hadi Al Boroky ("Petitioner") Petition for a Writ of Habeas Corpus, filed June 5, 2014.  Pursuant to a court order, the government filed its response on August 12, 2014, to which Petitioner replied on September 8, 2014.  The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on October 27, 2014, recommending that the court dismiss the action without prejudice.  No objections were filed.  Given the present set of circumstances and the recent addition of an original form of Iraqi identification to the Petitioner's travel document request package, the court agrees with the magistrate judge that Petitioner has not met his burden to show that "there is no significant likelihood of removal in the reasonably foreseeable future . . . ." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  If, in a reasonable period of time, the government is unable to locate a second original Iraqi identification document or the Iraqi Embassy rejects the government's travel document request package with its one form of original identification, at that point, Petitioner may be able to satisfy his burden under *Zadvydas* and "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Petition for a Writ of Habeas Corpus and **dismisses without prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 3rd day of December, 2014.

_____
Sam A. Lindsay
United States District Judge